IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| CITIMORTGAGE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL CASE NO. 3:25-cv-766-ECM |
| | ) | [WO] |
| GEORGE FLOYD, JR., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Upon review of Plaintiff's complaint, it appears that the Court lacks subject matter jurisdiction over this case. (*See* doc. 1); *see also Univ. S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."). Plaintiff brings this breach of contract action against Defendant George Floyd, Jr. concerning his purported mortgage default. (Doc. 1 at 2–3, paras. 6–13). Additionally, a "Title Interest Defendant" is named in the complaint: "The United States of America through its officer The Secretary of Housing and Urban Development." (*Id.* at 3, para. 14). Plaintiff joins the "Title Interest Defendant" because it purportedly seeks a "judicial foreclosure." (*Id.* at 3, para. 13).

Plaintiff contends that this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. (*Id.* at 1, para. 1). It also cites 28 U.S.C. § 2410 for the proposition that its suit is "against an agency and/or officer of the United States of America." (*Id.*). The Court is skeptical that either statutory provision confers jurisdiction.

First, 28 U.S.C. § 2410 states that under "the conditions prescribed in [§ 2410] and [§ 1444] of this title . . . the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter . . . to foreclose a mortgage or other lien upon . . . real . . . property on which the United States has or claims a mortgage or other lien." 28 U.S.C. § 2410(a).   The United States may remove any § 2410 action to the "district court of the United States for the district and division in which the action is pending." 28 U.S.C. § 1444.   But "[s]ection 2410(a) only waives sovereign immunity and does not create a basis for federal subject matter jurisdiction." *Hussain v. Bos. Old Colony Ins. Co.*, 311 F.3d 623, 635 (5th Cir. 2002); *see also Shaw v. United States*, 331 F.2d 493, 496 (9th Cir. 1964) ("[I]t is the position of this Circuit that 28 U.S.C. § 2410 does not, in addition to waiving sovereign immunity, confer jurisdiction upon the federal courts.").   And § 1444 simply "confers a substantive right to remove, independent of any other jurisdictional limitations." *City of Miami Beach v. Smith*, 551 F.2d 1370, 1373 n.5 (5th Cir. 1977).[1]   Because § 2410 does not create a basis for federal subject matter jurisdiction and this case was not removed from state court, this Court appears to lack jurisdiction.[2]

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[2] Other district courts have recently dismissed two similar cases for lack of subject matter jurisdiction. *See Planet Home Lending, LLC v. Rivera*, 2025 WL 3635837, at *2 (N.D. Tex. Oct. 29, 2025), *report and recommendation adopted*, 2025 WL 3634192 (N.D. Tex. Dec. 12, 2025); *see also Planet Home Lending, LLC v. Ernest Waterwall*, 2026 WL 1084006, at *2 (S.D. Tex. Apr. 6, 2026), *report and recommendation adopted*, 2026 WL 1081200 (S.D. Tex. Apr. 21, 2026).

Second, the Court likely lacks federal question jurisdiction under 28 U.S.C. § 1331. Plaintiff's claims relate to state law breach of contract and foreclosure. (Doc. 1 at 2–4, paras. 6–15).  Because 28 U.S.C. § 2410 "does not create a federal law cause of action for judicial foreclosure," Plaintiff would need to explain how this case arises under federal law within the meaning of 28 U.S.C. § 1331. *See Servis One, Inc. v. Eric Bernard Brown*, 2026 WL 852010, at *3 (M.D. Ga. Mar. 27, 2026).  On the face of the complaint, Plaintiff has not done so.  Accordingly, and for good cause, it is

ORDERED that **on or before June 1, 2026,** Plaintiff shall SHOW CAUSE in writing why this case should not be dismissed for lack of subject matter jurisdiction.

DONE this 21st day of May, 2026.

　　　　　　　　　　　/s/ Emily C. Marks
　　　　　　　　　EMILY C. MARKS
　　　　　　　　　UNITED STATES DISTRICT JUDGE

3